**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | |
|---|---|
| **COURTNEY HAMILTON** | **PLAINTIFF** |
| **v.** | **No. 5:24-cv-128-BJB** |
| **JULIE CAMPBELL, ET AL.** | **DEFENDANTS** |

* * * * *

**OPINION & ORDER ADOPTING REPORT & RECOMMENDATION**

**A. This Litigation.** Courtney Hamilton ran the Meraki Beauty school in Murray before it closed in 2023. Opinion & Order Granting Motion to Dismiss (DN 32) at 1. On her telling, the fault lies mainly with the Kentucky Board of Cosmetology, whose staff allegedly targeted her school with baseless investigations, cumulative fines, and ultimately, "denial of [the school's] license renewal." Second Amended Complaint (DN 45) at 4. Hamilton sued several Board members and staffers in this Court, raising numerous federal- and state-law claims.

The Court dismissed her first complaint and denied leave to replace it with a second complaint (DN 14-1) that Hamilton had proposed. MTD Order at 1. Both complaints asserted claims that were tardy, implausible, and legally defective. Given that this was the first order identifying these deficiencies in her two complaints, the order afforded Hamilton another attempt to re-plead within 21 days "if she [could] do so consistent with Rule 11." *Id.* at 2.

Hamilton's lawyer withdrew, DN 34, but Hamilton pressed on *pro se*. She filed a second amended complaint, *see* DN 45, as well as an interlocutory appeal, *see* DN 36, which the Sixth Circuit dismissed for lack of jurisdiction, *see* DN 42. The second amended complaint was narrower than the first two, which had pled numerous state and federal claims: malicious prosecution, equal protection, due process, ordinary negligence, negligent supervision, gross negligence, tortious interference with contracts and business expectations, race discrimination, and civil conspiracy. This third try identified only six claims: federal-law equal protection, due process, retaliation, and civil conspiracy; and state-law negligence and tortious interference. And she alleged, for the first time, that the Defendants' alleged investigation and retaliation concerning her school persisted until July 2023. Her first two complaints, by contrast, alleged that the bureaucratic badgering ended by January, or perhaps March, of 2023. That meant her July 2024 filing of this lawsuit came after Kentucky's statute of limitations had already expired, as explained at length in the dismissal

order. MTD Order at 6–9. This alteration of the narrative adjusted the chronology just long enough that—if accepted as true—her claims would no longer be time-barred.

The Court referred the ensuing motion to dismiss (DN 47) to the Magistrate Judge, who recommended dismissal (DN 55). Hamilton has filed an objection (DN 57), accompanied by an affidavit (DN 58) that reflects yet another attempt to alter the complaint by adding more allegations.[1] But the bottom line, as noted by the Magistrate Judge, remains the same: because new chronological allegations are both factually conclusory and suspiciously timed to this Court's prior dismissal order, the Magistrate Judge properly recommends rejecting them. After *de novo* review of those "part[s] of the magistrate judge's disposition that [have] been properly objected to," FED. R. CIV. P. 72(b)(3), the Court concludes that Hamilton's latest amended complaint fails to state a claim for largely the same reasons as its precursors. The Court therefore adopts the report and recommendation, overrules Hamilton's objections, and dismisses this case with prejudice.

**B. Pleading Deficiencies.** The biggest problem with Hamilton's first two complaints was their lateness. They described a campaign of harassment against her school that allegedly concluded by March 2023. MTD Order at 8. Because she sued 16 months after that date, most of her claims were untimely under the applicable one-year limitations period. *Id.* (citing KY. REV. STAT. § 413.140(1)(a)).[2]

Hamilton's late-breaking solution is a new pleading pinning the end date to July or even December 2023. SAC ¶ 18; *see also* Response to Show-Cause Order (DN 52) at 8. As the Magistrate Judge recognized, allegations are ordinarily assumed to be true at the pleading stage. *See, e.g.*, *Bell Atlantic v. Twombly*, 550 U.S. 544, 554–55 (2007) (recognizing the "assumption that all the allegations in the complaint are true").

---

[1] Additional filings received later (DNs 63 & 64) seemingly duplicate Hamilton's previously filed objection and affidavit (DNs 57 & 58). She also appears to have re-filed (DNs 60 & 62) her response to the motion to dismiss (DN 47) and an older version of her complaint (DNs 61 & 65). Because the new filings are redundant and unavailing, this order rejects these copies on the same basis as the originals. That renders moot the Defendants' overlapping motion to strike (DN 66), though the Court's decision largely aligns with its request to ignore the new filings.

[2] Two of Hamilton's theories, the Court observed, could conceivably escape this timeliness problem. She alleged, in her earlier complaints, that she received a Board notice rescinding a fine in August 2023 and a license-renewal denial in July 2023. *See* MTD Order at 7–8 n.7, 9 n.8. These theories, however, failed for separate factual and legal reasons explained in the opinion. *See id.*

But that assumption is not unconditional: courts needn't accept allegations that mimic a statute's elements in conclusory fashion *or* allegations that contradict other assertions without explanation. The proposed second amended complaint does both.

First and foremost, Hamilton's allegations about timing are too conclusory to satisfy the plausibility standard articulated in *Twombly* and *Iqbal*. In neither her latest complaint (DN 45) nor her subsequent show-cause briefing (DN 52) does Hamilton offer allegations describing events that occurred within the relevant timeframe *and* that support her theory of liability: nothing about what any July (or later) investigation consisted of, who performed it, why it happened, or how it ended.[3]

This omission substantially undermines the new theory's plausibility—and, just as importantly, leaves unanswered what (if anything) about the investigations was unlawful. Courts "need not accept as true any 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action,'" and "complaint[s] … 'must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory.'" *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (first quoting *New Albany Tractor v. Louisville Tractor*, 650 F.3d 1046, 1050 (6th Cir. 2011); then quoting *Weisbarth v. Geauga Park District*, 499 F.3d 538, 541 (6th Cir. 2007)). Hamilton's bare assertion that the Board continued to interact with her school in some unspecified way within 12 months of her lawsuit can't carry the day. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (rejecting "an unadorned, the-defendant-unlawfully-harmed me accusation").[4]

---

[3] Much of the "new" material offered by Hamilton arrives through her response to the Magistrate Judge's show-cause order, not in her proposed second amended complaint. Yet it's axiomatic that plaintiffs may not "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). So the response doesn't save her. And even if a judge were to consider these unpled allegations, perhaps out of extraordinary solicitude for a newly unrepresented litigant, dismissal remains appropriate for the reasons discussed above.

[4] Hamilton filed an affidavit (DN 58) duplicating some of the allegations found in her latest pleading. Even assuming the affidavit was signed and proper, *but see* Defendants' Motion to Strike at 3, whether these allegations are sworn or merely pled makes no difference at this stage. The question currently before the Court is whether her allegations suffice, not whether she can prove them. That vague or conclusory allegations were made subject to the possibility of perjury doesn't make them less vague or conclusory.

And the affidavit, even on its own terms, doesn't help. Hamilton swears that—in August 2023—Christopher Hunt sent her an email explaining why she had received fines back in 2022. ¶ 23. Then she emailed Hunt back and "started to complain." ¶ 24. But Hunt isn't a

Second, some of Hamilton's critical new allegations are not just conclusory, but also contradictory. As the Magistrate Judge noted, some courts dismiss, as "sham" pleadings, allegations that reflect "a transparent attempt to conform the facts to the requirements of the cause of action." *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1324 (Fed. Cir. 1998). That's effectively what Hamilton did here, only with respect to the limitations defense rather than the affirmative elements. Recall that the First Amended Complaint alleged investigatory mischief ending in January 2023. The Court's previous opinion relied on this aspect of her story in dismissing many of her claims. Her response then re-alleged what appear to be the same events—but gave them a later expiration date. *Compare, e.g.*, SAC ¶ 18 ("From March 2022 through July 2023, Defendants conducted more than ten inspections and initiated multiple investigations"), *with* FAC ¶ 97 ("By *January* of 2023, a KBC inspector had [already] either inspected or audited [the school] 10 times.") (emphasis added).

Allegations that contradict a story the plaintiff has consistently told throughout litigation—and that transparently attempt to avoid otherwise insuperable legal problems—may, like conclusory allegations, forfeit the presumption of truth normally afforded civil pleadings. *See* Report & Recommendation at 6–7 (collecting cases). Hamilton's new timing-related allegations contradict Hamilton's earlier descriptions of events that concluded long ago. And she doesn't identify any new information she's learned since she first filed this lawsuit, or any other explanation for why her story changed only after this Court's dismissal order. All Hamilton musters in response is *another* new allegation, not even reflected in her second amended complaint, that a new, "ongoing" investigation began in December 2023. Response to Show-Cause Order at 8 ("Defendants initiated an investigation on December 2, 2023, which remains open and ongoing, further extending the timeline of Defendants' conduct.") (emphasis omitted). That statement is not an allegation, *see* above n.3, and it's far too conclusory to support a plausible inference of unlawful action by the Defendants within the limitations period in any event.

Even setting aside timeliness, the Magistrate Judge rightly ruled that each of Hamilton's claims would fail on the merits for lack of factual support, lack of legal support, or both.

As to equal protection, Hamilton's claim fails because she doesn't plausibly allege that any named Defendant (as opposed to the unnamed Cosmetology Board) "was personally responsible for" suspending her license—much less did so for racially motivated reasons. R&R at 8; MTD Order at 9 (citing *Heyne v. Metropolitan Nashville*

party to this case. So this allegation doesn't attribute any unlawful conduct to any *Defendant* within the relevant period. Undoubtedly, "[n]avigating this bureaucracy was incredibly challenging." ¶ 40. But that doesn't suggest that the Defendants broke the law.

*Public Schools*, 655 F.3d 556, 564 (6th Cir. 2011)). If anything, Hamilton's newest pleading and exhibits undercut that claim: they offer even less reason to see racial bias lurking behind the Board's actions and instead strongly suggest that the Board acted in response to the litany of serious complaints her school had attracted.[5]

As to due process, that claim fails for the same reasons. Hamilton doesn't allege any reason to think that the investigations were improper (particularly given the litany of complaints received about her school and attached to her latest filings). Nor that she availed herself of the process provided by state law. Nor that any named Defendant (as opposed to a faceless "Board Member") bears responsibility for her unsuccessful appeal requests. Nor that any Defendant broke any law. *See also* MTD Order at 9–11 (rejecting earlier due-process arguments on similar grounds). It likewise fails because it rests on apparent misunderstandings of the Defendants' obligations under Kentucky law, *see* R&R at 10, which Hamilton's objections don't remediate.

As for Hamilton's remaining claims, they are forfeited because she neglected to defend them in response to the Defendants' motion. R&R at 11. And even if they weren't, these claims fail for the reasons the Court explained at length in the first dismissal order: Hamilton repeatedly neglects to plead the required elements, connect the misconduct she attributes to any named Defendants (as opposed to the unnamed Board), or describe the facts—as opposed to legal assertions—supporting her putative entitlement to relief. *See id.* at 12–13.

**C. Hamilton's Objections.** Resisting this conclusion, Hamilton raises a host of objections to the Magistrate Judge's report. Though numerous, they boil down to four central concerns.

1. <u>Objection I</u>. Hamilton argues that the Magistrate Judge was obligated to take her eleventh-hour allegations as true even though they contradicted her earlier pleadings. Hamilton cites no decisions in support except for *Iqbal* and *Twombly*—neither of which help her cause. Nor could she: the principle on which the Magistrate Judge denied relief is, although seldom applicable, one on which trial judges sometimes rely as they parse the plausibility of pleadings. Not all "allegations" are

[5] Hamilton attached to her latest pleading more than two dozen exhibits—mostly complaints that students and customers had filed regarding her school. Hamilton seemingly adopts these exhibits, by reference, into her complaint. *See, e.g.*, *Tellabs v. Makor Issues & Rights*, 551 U.S. 308, 322–23 (2007); *In re Omnicare, Inc. Securities Litigation*, 769 F.3d 455, 467–68 (6th Cir. 2014). How they might *help* Hamilton's case is not, however, evident on their face, and she offers no clarifying explanation. Rather, these complaints bolster the legitimacy of the Board's investigations and cast doubt on Hamilton's suspicions of retaliation or discrimination.

"entitled to the assumption of truth," *Iqbal*, 556 U.S. at 680, and courts sometimes question the plausibility of conclusory after-the-fact amendments.

Judges' discretion in parsing contradictory pleadings is particularly important where, as here, an amending plaintiff continues to rely heavily on allegations in her older pleadings. *See, e.g.*, Objection at 2, 3, 4, 5, 6, 7 & 8. Although an amended complaint ordinarily supersedes its predecessors, litigants—especially *pro se* litigants—are free to keep old allegations by reference. FED. R. CIV. P. 10(c). And they—like all litigants—are allowed to plead in the alternative. FED. R. CIV. P. 8(d)(3). When new allegations don't fit with the old ones, however, judges aren't forced to play Janus. *See, e.g.*, *Aaron v. Medtronic*, 209 F. Supp. 3d 994, 1015 (S.D. Ohio 2016) ("While Rule 8(d)(3) allows inconsistent claims—a plaintiff may, for example, bring claims for both intentional and unintentional torts, even where recovery on both would be impossible—it does not allow what Plaintiffs are attempting to do here—namely, to make 'clashing factual assertions … in the context of the same claim.") (quoting *National Western Life Insurance v. Merrill Lynch, Pierce, Fenner & Smith*, 175 F. Supp. 2d 489, 492 (S.D. N.Y. 2000)). That's what the Magistrate Judge did here—and he focused on the older allegations because they were less conclusory.

This rule is consistent with Rule 8 as interpreted by *Iqbal* and *Twombly*; it merely treats as implausible late and inexplicable allegations conveniently contrived to avoid problems. The Magistrate Judge was, in any event, right to reject Hamilton's pleadings notwithstanding their tenuous and questionable relationship to their antecedents: they flunk an ordinary plausibility analysis because they neither describe unlawful action nor attribute it to any Defendant.

2. <u>Objections II and IV</u>. Hamilton disputes the Magistrate Judge's characterization of her due-process claim. The Board, she contends, couldn't investigate, cite, or fine her and then shunt her challenges to those actions to a Kentucky-law administrative review process. Her "allegation is that she used the procedure she was instructed to use," that is, seeking an administrative appeal by email, "but the governmental body responsible for providing that process failed to carry it out." Objection at 3 (emphasis omitted).

On Hamilton's terms, however, this claim falls short for reasons explained in the original dismissal order: the person to whom Hamilton attributes the ignored appeal is one "Christopher Hunt," *id.*, whom she never sued in this case. MTD Order at 10. The problem, in other words, is not "that she failed to request or pursue administrative review," Objection at 3; it's that she nowhere attributes unlawful behavior to a Defendant in this lawsuit.

The remainder of Hamilton's due-process claim concerns the investigations and fines, not just their appeal. But her newest complaint fares no better than the

older models. *See* MTD Order at 9–12. As explained, her latest pleading is in fact less effective on this score, because it—and the exhibits incorporated by reference—suggest plenty of legitimate reasons for the Board to investigate her school.[6]

3. Objections III, V, and VI. Hamilton complains the Magistrate Judge gave her factual allegations too little credit. These arguments largely repackage concerns already addressed above. It's true that "[c]omparative brevity does not establish that the underlying facts did not occur," and that *pro se* "pleadings must be construed liberally." Objection at 7. But the premise of the report and recommendation is that Hamilton's earlier, more elaborate pleadings—drafted with the assistance of counsel—stated no plausible claims. And Hamilton's objection nowhere identifies *new* allegations that solve these problems. Even treating her second amended complaint as a mere supplement to, rather than replacement of, her earlier pleadings, these allegations—even accepted as true and later proven factually—would fail to establish any Defendant's liability. *See also* MTD Order at 2 ("Each of Hamilton's claims in the original complaint—even accepting all her factual allegations as true—fails to state a claim that would entitle her to relief. And the proposed amendments would not cure those deficiencies.").

4. Objections VII and VIII. Hamilton finally argues that "dismissal with prejudice is unnecessarily severe where a more carefully drafted pleading could identify the factual and legal basis of each claim." Objection at 7. That's especially so here, she urges, because she "has not had an opportunity to develop the factual record." *Id.* at 8.

---

[6] *See, e.g.*, SAC Ex. A (DN 45-1) at 1 ("Courtney Hamilton is a FINANCIAL PREDATOR!!!!! She is tricking young people into coming to her school and then giving them NOTHING in return!"); Ex. C. (DN 45-3) at 1 ("I have a family member who has been attending this beauty school. She feels she is not learning what she needs to take boards. The owner instructor talks down to students and raises her voice which is unprofessional in its self. I have proof of this my family member sent me an audio recording of her screaming at the class."); Ex. D (DN 45-4) at 1 ("I along with 13 other students are suing her for breaching a contract that she copied and pasted offline. She told me she would spit in my face if I ever came forward with a lawsuit. Something really has to be done about her not to mention she is parading around on social media and gloating how she's never going to get in trouble about anything. … I can go on and on but for the sake of our time and your time please look into this deranged woman. She's tried to fight a couple of us and constantly makes t[h]reats to anyone who speaks up about it."); Ex. I (DN 45-9) at 1 ("expired products that cause my scalp to burn"); Ex. J (DN 45-10) at 1 ("stealing our money and illegally giving hours"); Ex. K (DN 45-11) at 1 ("She has put her hands on students"); Ex. P (DN 45-16) at 1 ("a couple of students have tried to commit suicide because of [C]ourtney"). Perhaps none of these complaints were legitimate, of course. But, on Hamilton's own telling, the complaints made any Board investigation more rather than less reasonable.

This, of course, is the very reason why the Court allowed Hamilton the chance to file this second amended complaint: "a more carefully drafted pleading" might theoretically have better "identif[ied] the factual and legal basis of each claim." *Id.* at 7. But this is not Hamilton's first complaint, or even her first following this Court's dismissal order. And she hasn't labored exclusively without counsel. Rather, this is Hamilton's *third* complaint, and the first two were drafted by a lawyer—who withdrew following the Court's explanation why those first two failed as a matter of law.

As courts sometimes note, "[t]here must be an end to litigation someday." *Ackermann v. United States*, 340 U.S. 193, 198 (1950). Trial judges needn't give leave to amend in the face of "repeated failure to cure deficiencies by amendments previously allowed." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Graves v. Mahoning County*, 821 F.3d 772, 777 (6th Cir. 2016) (affirming with-prejudice dismissal when plaintiffs repeatedly "wasted the opportunity" afforded by leave to amend). That result is particularly appropriate where, as here, a plaintiff files a "bare request" to amend without filing an accompanying motion, "stat[ing] with particularity the grounds for" amendment, required by Civil Rule 7(b). *See PR Diamonds v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004) (abrogated on other grounds).

* * *

Because Hamilton's latest effort fails to solve the problems that foiled her prior complaints, as explained in the Magistrate Judge's report and recommendation and in the Court's first dismissal order, the Court overrules Hamilton's objections to the report and recommendation, denies the Defendant's motion to strike as moot, and dismisses this complaint with prejudice.

Benjamin Beaton, District Judge
United States District Court

September 8, 2026